Bartholomew J. LAWSON and Nancy L. Lester, Plaintiffs–Appellees,

v.

Robert ABRAMS, Individually and as Attorney General of the State of New York, et al., Defendants.

Appeal of Robert ABRAMS, Individually and as Attorney General of the State of New York, et al., Defendants–Appellants.

No. 157, Docket 88–7458.

United States Court of Appeals, Second Circuit.

Submitted Oct. 6, 1988.

Decided Dec. 20, 1988.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City (Robert A. Forte, Asst. Atty. Gen., New York City, of counsel), for defendants-appellants.

Elliot B. Pasik, New York City, for plaintiffs-appellees.

Before KAUFMAN, NEWMAN and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Defendants Robert Abrams, Attorney General of the State of New York, and Edward Kuriansky, Stephen J. Calvacca, James Scaringe, Joseph Lombardo, Barry Friedman, and Michael Berlowitz, who are members of his staff (collectively "the state prosecutors"), appeal from so much of an order entered in the United States District Court for the Eastern District of New York, Raymond J. Dearie, *Judge*, as granted plaintiffs Bartholomew J. Lawson and Nancy L. Lester leave to file an amended complaint under 42 U.S.C. § 1983 (1982) and state law, alleging principally that various actions by the state prosecutors improperly deprived them of their positions as operators of a nursing home. The district court allowed the filing of the amended complaint over appellants' objection that they were entitled to absolute immunity from suit on plaintiffs' claims, ruling that that defense was not clearly available with respect to all of the claims asserted against appellants. On appeal, the state prosecutors contend that the action against them should have been dis-

missed on grounds of absolute immunity. For the reasons below, we conclude that the appeal is premature, and we dismiss for lack of appellate jurisdiction.

## BACKGROUND

From 1980 to 1982, Lawson and Lester operated the Hyam Solomon Home for the Aged (the "nursing home") under a contractual temporary appointment of receivership. In 1982, Lawson was indicted on charges of fraud and conspiracy to commit arson, and plaintiffs were ousted from their receivership positions. Lawson was eventually acquitted on all the charges against him.

The present suit was commenced in 1984 and alleged that the state prosecutors and others had conspired to force plaintiffs' removal from their receivership positions by means of, *inter alia*, the institution of the criminal investigation and prosecution. The original complaint was dismissed as against appellants on the ground that the complaint alleged essentially a claim of malicious prosecution, in defense of which appellants were entitled to absolute immunity.

Plaintiffs moved to amend their complaint in various respects; appellants opposed, again asserting absolute immunity. The court treated plaintiffs' motion as, in part, a motion for reconsideration of the dismissal of the original complaint, and it treated defendants' opposition as a motion to dismiss the proposed amended complaint under Fed.R.Civ.P. 12. To the extent pertinent here, the district court granted plaintiffs' motion to amend and denied appellants' motion to dismiss, in a Memorandum and Order dated May 5, 1988 ("Decision").

The amended complaint includes the following allegations. When plaintiffs took over operation of the nursing home, certain of its employees were members of District 1199 of the National Union of Hospital and Health Care Workers ("union"). Shortly thereafter, plaintiffs dismissed several of these employees, antagonizing the union. In January 1981, the union, in an effort to oust plaintiffs from their receivership, met with certain of the state prosecutors to request a criminal investigation and prosecution of Lawson on the basis of grounds "not yet existing, or to be fabricated in the future." The amended complaint alleges that the state prosecutors agreed that, notwithstanding the lack of evidence of violations of law by plaintiffs, an intensive investigation would be conducted, following which Lawson could be prosecuted; in exchange, the union agreed to endorse Abrams in his bid for reelection as Attorney General, and agreed to and did make a substantial monetary contribution to his election campaign. Thereafter, the state prosecutors allegedly "attempted to create false evidence during the investigation[,] engaged in illegal tape recordings[,] disseminated false information about plaintiffs to the media and others[,] and ... disclosed Grand Jury proceedings to a newspaper reporter...." Decision at 6.

The district court, though stating that appellants plainly had an absolute immunity defense to some of plaintiffs' claims, *e.g.*, the decision to institute a prosecution against Lawson and other actions closely related to that decision, noted that prosecutors may assert only qualified immunity, not absolute immunity, for their administrative or investigative tasks not intimately associated with the judicial process. Concluding that it did not " ' "appear[ ] beyond doubt" ' " that plaintiffs would be unable to prove any acts by appellants other than those protected by absolute prosecutorial immunity, *id.* at 3 (quoting *Ad–Hoc Committee v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957))), the court allowed the filing of the amended complaint against appellants and denied their Rule 12 motion to dismiss. The court noted that its ruling addressed only the defense of absolute immunity, and it invited defendants to file, after a limited period for discovery, motions for summary judgment if appropriate.

The state prosecutors have appealed, pursuing their defense of absolute immunity. We do not reach the merits of that defense because we conclude, for the rea-

sons below, that the order of the district court is not appealable.

## DISCUSSION

Under § 1291 of 28 U.S.C., courts of appeals have jurisdiction to review "final decisions" of the district courts. 28 U.S.C. § 1291 (1982). An order that grants leave to amend the complaint is plainly not a final decision because it allows the litigation to continue. *See La Capria v. Compagnie Maritime Belge*, 373 F.2d 579, 580–81 (2d Cir.1967); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3914, at 538 (1976). For the same reason, the denial of a motion to dismiss is normally not considered a final decision within the meaning of this section. *See, e.g., Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945); *Chelsea Neighborhood Ass'ns v. United States Postal Service*, 516 F.2d 378, 390 (2d Cir.1975).

The collateral order doctrine, or *Cohen* doctrine, *see Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) ("*Cohen*"), establishes a narrow exception to § 1291's requirement that the decision appealed be the one that ends the litigation. This exception permits appeal of an interlocutory decision that conclusively determines an important issue that is collateral, *i.e.*, entirely separate from the merits of the action, where that decision would be effectively unreviewable on appeal from the final judgment in the action. *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). In addition, such an appeal must present a question that is substantial, *i.e.*, not doomed to failure under controlling precedent. *See Nixon v. Fitzgerald*, 457 U.S. 731, 742–43, 102 S.Ct. 2690, 2697–98, 73 L.Ed.2d 349 (1982); *Cohen*, 337 U.S. at 547, 69 S.Ct. at 1226 (must "present[ ] a serious and unsettled question").

Under this doctrine, some interlocutory orders denying immunity defenses are immediately appealable. *See White v. Frank*, 855 F.2d 956, 958 (2d Cir.1988) (citing cases). Faced with the question of "the scope of the immunity possessed by the President of the United States," *Nixon v. Fitzgerald*, 457 U.S. at 733, 102 S.Ct. at 2693, the Supreme Court ruled that "the denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed. 2d 411 (1985) (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 2691, 73 L.Ed. 2d 349). Similarly, the Court has held that the denial of a substantial claim of qualified immunity is also immediately appealable to the extent that it turns on an issue of law rather than an issue of fact. *See Mitchell v. Forsyth*, 472 U.S. at 528–30, 105 S.Ct. at 2816–17. The precondition that the availability of immunity not turn on an open question of fact is significant, for even a collateral decision must be final, or conclusive, with regard to the matter at issue in order to be appealable under the *Cohen* doctrine. *See, e.g., In re Grand Jury Subpoena for New York State Income Tax Records*, 607 F.2d 566, 569 (2d Cir.1979). Thus, in discussing appeals from interlocutory rejections of defenses of qualified immunity, we have emphasized that the order is immediately appealable "only" to the extent that it turns on an issue of law. *Mahoney v. Hankin*, 844 F.2d 64, 68 (2d Cir.1988). In *White v. Frank*, we stated that an "interlocutory appeal is not available where the immunity issue turns on disputed questions of fact," and that our jurisdiction over such an appeal depends on whether, in light of the nature of the asserted immunity defense, the availability of that defense can be decided as a matter of law. 855 F.2d at 958.

The availability of a defense of absolute prosecutorial immunity depends on the nature of the acts allegedly performed rather than on the office itself, for, as the district court observed, it is established that prosecutors have absolute immunity for some of their acts but only qualified immunity for others. *See, e.g., Robison v. Via*, 821 F.2d

913, 918–20 (2d Cir.1987); *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir.1981). With respect to the initiation of a prosecution and other actions "intimately associated with the judicial phase of the criminal process," the prosecutor enjoys absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). On the other hand, no more than a qualified immunity is available with respect to acts of a prosecutor that are administrative or investigative in nature. *See Taylor v. Kavanagh*, 640 F.2d at 452–53; *Lee v. Willins*, 617 F.2d 320, 321–22 (2d Cir.), *cert. denied*, 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980); *see also Imbler v. Pachtman*, 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33 ("At some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court. Drawing a proper line between these functions may present difficult questions, but this case does not require us to anticipate them.").

This Court, while recognizing that "neither *Imbler* nor *Kavanagh* purported to draw bright lines between quasi-judicial absolutely immune conduct, on the one hand, and investigative and administrative qualifiedly immune behavior, on the other," *Powers v. Coe*, 728 F.2d 97, 104 (2d Cir. 1984), has held that only the qualified immunity defense may be asserted against a claim that a prosecutor has disclosed information or evidence to the media, *id.* at 103; *see also Taylor v. Kavanagh*, 640 F.2d at 452, or against à claim that he authorized or directed an investigative wiretap, *Powers v. Coe*, 728 F.2d at 103. *See also Taylor v. Kavanagh*, 640 F.2d at 453 (stating obiter that investigatory and administrative work involved in "accumulating evidence" entitles prosecutor only to qualified immunity). We regard *Powers v. Coe* as reflecting the settled law of this circuit.

In light of these principles, we conclude that the order of the district court allowing the filing of the amended complaint against appellants is not appealable under the *Cohen* doctrine. Plaintiffs' claims as to which the district court has not ruled the absolute immunity defense available fall into two categories, neither of which justifies the present appeal. In the first category are claims as to which our precedents foreclose a defense of absolute immunity; the district court's refusal to dismiss those claims is not immediately appealable because the questions presented are not substantial. In the second category are claims not clearly foreclosed and which do not clearly reveal the degree to which the conduct relied on could be considered part of the decision to prosecute or intimately associated with the judicial proceedings, rather than purely investigative or administrative; the availability of the defense of absolute immunity as to these claims must await the development of facts during discovery.

In sum, we conclude that the questions presented on the present appeal either are not substantial or have not been conclusively determined by the district court and hence the appeal was not authorized by the *Cohen* doctrine.

## CONCLUSION

The appeal is dismissed for lack of a final appealable order.