**Ruben LOYA, Jr., Plaintiff–Appellee,**

v.

**TEXAS DEPARTMENT OF CORRECTIONS, Defendant–Appellant.**

No. 88–6145
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1989.

James C. Todd, Kathlyn C. Wilson, Asst Attys. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendant-appellant.

Leopoldo Fraga, Jr., Fraga & Associates, Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges:

PER CURIAM:

The Texas Department of Corrections appeals from an order of the district court denying its motion to dismiss this action on the ground of eleventh amendment sovereign immunity. Finding that the district court erred in denying the motion, we remand with instructions that the suit against the Texas Department of Corrections be dismissed.

Ruben Loya, Jr. brought suit against the Texas Department of Corrections (TDC) as the only defendant. His complaint asserted claims for racial and national origin discrimination under 42 U.S.C. §§ 1981 and 1983, as well as a pendent state law claim for the infliction of emotional distress. He sought monetary relief totalling over $500,-000 and any other equitable relief the court might consider just and proper. The TDC moved to dismiss the suit based on its sovereign immunity under the eleventh amendment to the United States Constitution. The district court denied the motion, and the TDC filed an interlocutory appeal.

We turn first to the issue of whether this court has jurisdiction to hear this appeal. Appeals from the denial of qualified or absolute immunity are a well recognized exception to the general rule that interlocutory appeals are not reviewable under 28 U.S.C. § 1291. *Mitchell v. Forsyth,* 472 U.S. 511, 525–28, 105 S.Ct. 2806, 2814–16, 86 L.Ed.2d 411 (1985) (interlocutory appeal from the denial of a government official's absolute immunity); *Nixon v. Fitzgerald,* 457 U.S. 731, 743, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982) (interlocutory appeal from the denial of qualified immunity). Although neither the Supreme Court nor this circuit has had occasion to apply this exception to denials of a state's absolute immunity under the eleventh amendment, there is no basis for distinguishing cases in which a state's sovereign immunity is questioned. *ENG v. Coughlin,* 858 F.2d 889, 893–95 (2nd Cir. 1988). *See also, Mitchell,* 472 U.S. at 526–28, 105 S.Ct. at 2815–16. Therefore, we hold that a denial of motion to dismiss claims on the grounds of eleventh amendment immunity is a final decision appealable under 28 U.S.C. § 1291. *Accord ENG,* 858 F.2d at 894.

On the merits we hold that TDC's entitlement to immunity under the eleventh amendment is clearly established in this circuit. *Ruiz v. Estelle,* 679 F.2d 1115, 1137 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). The claims brought against the TDC must

therefore be dismissed. On remand, the district court has discretion to permit Loya to amend his complaint to name other defendants.

The order appealed from is vacated and the cause is remanded for further proceedings consistent with the opinion.

VACATED and REMANDED.