893 F.2d 498
 UNITED STATES of America, Plaintiff,
and
Yonkers Branch-National Association for the Advancement of
Colored People, Regina Ryer, a Minor, by her Mother and Next
Friend Charlotte Ryer, on Behalf of Themselves, and all
Individuals Similarly Situated, Plaintiffs-Intervenors-Appellees,
v.
YONKERS BOARD OF EDUCATION, Defendant-Appellee,
City of Yonkers and Yonkers Community Development Agency, Defendants,
and
U.S. Department of Housing and Urban Development, Samuel
Pierce, Secretary, Added-Defendants,
and
The State of New York; Mario Cuomo, as Governor of the
State of New York; The Board of Regents of the State of New
York; Martin C. Barell, R. Carlos Carballada, Adelaide L.
Sanford, Willard A. Genrich, Emlyn I. Griffith, Jorge L.
Battista, Lora Bradley Chodos, Louise P. Matteoni, Edward
Meyer, Floyd S. Linton, Salvadore Sclafini, Mimi Levin
Lieber, Shirley C. Brown, Norma Gluck, Thomas Frey and James
McCabe, Sr., in their official capacities as members of the
State Board of Regents; The Department of Education of the
State of New York; Thomas Sobol, as Commissioner of
Education in the State of New York and The Urban Development
Corporation of the State of New York and Vincent Tese, as
Director of the Urban Development Corporation,
Added-Defendants-Appellants.
 No. 534, Docket 89-6184.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 25, 1989.
Decided Jan. 8, 1990.
 
 Michael H. Sussman, Yonkers, N.Y., for plaintiffs-intervenors-appellees.
 Elliot M. Mincberg, Washington, D.C. (Maurice Curran, Lawrence W. Thomas, Anderson, Banks, Moore, Curran & Hollis, Mount Kisco, N.Y., David S. Tatel, Steven J. Routh, Bethany E. Lorenz, Nancy J. Taylor, Hogan & Hartson, Washington, D.C., on the brief), for defendant-appellee.
 Michael W. Sculnick, New York City (Vedder, Price, Kaufman, Kammholz & Day, New York City, on the brief), for defendant City of Yonkers.
 Marion R. Buchbinder, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., State of N.Y., Lawrence S. Kahn, Deputy Sol. Gen., Harvey Golubock, Deputy First Asst. Atty. Gen., Stephen M. Jacoby, Asst. Atty. Gen., New York City, on the brief), for added-defendants-appellants.
 Before OAKES, Chief Judge, KEARSE and ALTIMARI, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Defendants State of New York ("State"), State agencies, and individual State officials (collectively the "State defendants") appeal from an interlocutory order of the United States District Court for the Southern District of New York, Leonard B. Sand, Judge, denying their motion to dismiss the claims asserted against them by plaintiffs Yonkers Branch of the National Association for the Advancement of Colored People, et al. (collectively "NAACP plaintiffs"), and defendant Yonkers Board of Education ("Board" or "Yonkers Board"), on the ground that, inter alia, the State defendants are immune from suit under the Eleventh Amendment to the Constitution. The district court ruled that the motion, which was addressed to the face of the pleadings, could not be granted because it raised factual issues. The State defendants urge us to reverse. The Board, joined by the NAACP plaintiffs, has moved to dismiss the appeal for lack of appellate jurisdiction. For the reasons below, we grant the motion to dismiss the appeal.
 
 BACKGROUND
 
 2
 The present action was commenced by the United States against the Board, the City of Yonkers ("City"), and the Yonkers Community Development Agency in 1980, alleging housing and school segregation in violation of the Constitution and federal statutory law. The NAACP plaintiffs were granted leave to intervene and file an amended complaint, and the suit was certified as a class action. The State defendants were not then parties to the action.
 
 
 3
 After a lengthy trial, the district court found the original defendants liable, 624 F.Supp. 1276 (S.D.N.Y.1985), fashioned remedial orders, 635 F.Supp. 1538 and 1577 (S.D.N.Y.1986), and entered judgment accordingly. This Court affirmed the judgment of the district court in all respects. 837 F.2d 1181 (2d Cir.1987), cert. denied, 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988).
 
 
 4
 In September 1987, the Board moved to amend its answer to file a cross-claim against the State defendants; at about the same time, the NAACP plaintiffs moved to file a second amended complaint in order to assert claims against the State defendants. The apparent goal was to obtain funds from the State to assist in carrying out the district court's remedial orders. The district court held the motions in abeyance and directed the parties and the proposed State defendants to attempt to resolve the matter consensually. When the State remained unwilling, after more than a year of negotiations, to commit funds satisfactory to the NAACP plaintiffs and the Board, the court granted both motions in January 1989.
 
 
 5
 Both the second amended complaint and the cross-claim allege that the State defendants have engaged in a continuing pattern of conduct contributing to segregation in Yonkers in violation of, inter alia, the Fourteenth Amendment to the Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d et seq. (1982) ("Title VI"), and other civil rights statutes, 42 U.S.C. Secs. 1981, 1983, 1985, and 1988 (1982). The new pleadings include allegations that the State has instituted a policy and practice of filling positions on its Board of Regents with persons who have stated their antipathy to busing as a means of achieving school desegregation; that since 1970, the Board of Regents has issued policy statements and given assurances that the State would not act to insure desegregation and equal educational opportunities for minorities; and that between 1976 and the present the State has ignored specific pleas from the Yonkers Board for help in desegregating City schools. The second amended complaint also alleges, inter alia, that the State Urban Development Corporation ("UDC") has renounced its authority to override zoning barriers to desegregation in housing; and that since 1975 the State has adopted several programs in aid of subsidized housing, each of which favors the allocation of state resources in a manner that exacerbates the segregation of minority families. The Board's cross-claim also alleges, inter alia, that
 
 
 6
 [f]rom at least 1969 through the present, with knowledge of school segregation in Yonkers and of the Yonkers Board's actions and inactions with regard to desegregation, the cross-defendants failed to take any effective action to promote desegregation in Yonkers, and continued to encourage and perpetuate the segregated structure of education as found by [the District] Court in the Yonkers Public Schools.
 
 
 7
 Each of the new pleadings requests declaratory and injunctive relief, as well as State participation in implementing remedies for the violations.
 
 
 8
 The State defendants moved pursuant to Fed.R.Civ.P. 12(b)(1) and (6) to dismiss the new pleadings on various grounds, including Eleventh Amendment immunity. They contended that the district court's earlier rulings of liability against the City and the Board precluded any new determination that the State was a substantial contributor to school segregation, and that, in any event, the new pleadings allege only culpable conduct in the past, not ongoing violations. Their motion to dismiss was supported by, inter alia, several affidavits and documents designed to "explain New York State's educational finance system, and its application to the Yonkers school district" and to describe the pre-October 1987 operations of UDC.
 
 
 9
 In an opinion dated August 1, 1989, the district court denied the motion to dismiss as premature. Noting that the motion raised questions of fact, the court concluded that the matter of Eleventh Amendment immunity could not be determined solely from the allegations of the new pleadings. The court stated, in pertinent part, as follows:
 
 
 10
 Movants' sovereign immunity argument is based on the contention that the action is brought solely in an effort to obtain funding from the State for the school desegregation remedial program although the State is not currently violating any constitutional rights of the plaintiff class and a remedy order already is in place which the City is bound to implement. This claim is coupled with contentions that vestiges of past unlawful conduct are inadequate to overcome the Eleventh Amendment barrier to suit and that movants [sic ] will be unable to show a causal relationship between any action by the State and the segregation in the Yonkers schools. Moreover, movants contend this Court has already identified the causes of the Yonkers school segregation in its findings of liability in the action as against the City and School Board, which findings preclude a subsequent determination that the State was a substantial contributor to school segregation.
 
 
 11
 The issues raised by the motion to dismiss are serious and cannot lightly be rejected. We are of the opinion, however, that they are not appropriately addressed by a motion to dismiss.
 
 
 12
 Movants' objections go, not so much to the face of the complaint, but to the claim that proof will be lacking to support its allegations. The contention with respect to causality well illustrates this point.
 
 
 13
 It may well be that the complaint against the movants cannot survive a motion for summary judgment, at which time the Court will be free to consider the several arguments advanced by the movants which relate more to the merits than to the face of the complaint. But at this stage of the proceedings, prior to full discovery, the Court cannot say that as a matter of law, respondents will not be able to establish a cause of action which, because of its continuing nature, is not barred by the doctrine of sovereign immunity.
 
 
 14
 Accordingly, the district court denied the State defendants' motion to dismiss the second amended complaint and the cross-claim, without prejudice to the bringing of a motion for summary judgment following completion of discovery.
 
 
 15
 Thereafter, in orally denying a request by the State defendants for a stay of discovery, the court reiterated that their motion to dismiss had raised factual questions that might be resolvable on summary judgment but that could not be resolved solely by reference to the pleadings:
 
 
 16
 My decision was that in the four corners of the complaint, there was an allegation of ongoing wrongdoing by the State, and that the 11th amendment issue which the State was raising was one which did not direct itself to the four corners of the complaint. So that the motion to dismiss on 11th amendment grounds was denied without prejudice to renew subsequent to discovery.
 
 
 17
 ....
 
 
 18
 This is not an instance in which the court made an abstract determination. The question whether the 11th amendment is a defense against a school desegregation action where there are allegations of continuing action by the State, in violation of constitutional rights, is really not a proposition which should long detain anyone knowledgeable in this area. Whether this is or is not such a case, is a matter which in the court's previous opinion should properly await the completion of discovery.
 
 
 19
 And the court certainly reserved to the State [the] right, which it would have in any event, to move for summary judgment. Indeed there are major arguments and major portions of the State's submission on the motion to dismiss which were more in the nature of arguments for summary judgment than for dismissal.
 
 
 20
 The State defendants have appealed, and the Board and the NAACP plaintiffs have moved to dismiss for lack of appellate jurisdiction. This Court expedited the appeal and stayed discovery pending its determination. For the reasons below, we conclude that the order is not appealable and we therefore dismiss the appeal.
 
 DISCUSSION
 
 21
 The denial of a motion to dismiss claims on grounds of Eleventh Amendment immunity, though technically an interlocutory decision, may be appealable under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), as a collateral order that is final within the meaning of 28 U.S.C. Sec. 1291 (1982). See Eng v. Coughlin, 858 F.2d 889, 894 (2d Cir.1988); Smith v. Reagan, 841 F.2d 28, 30 (2d Cir.1988); Minotti v. Lensink, 798 F.2d 607, 608 (2d Cir.1986), cert. denied, 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987); accord Foremost Guaranty Corp. v. Community Savings & Loan, Inc., 826 F.2d 1383, 1386 (4th Cir.1987); Loya v. Texas Department of Corrections, 878 F.2d 860, 861 (5th Cir.1989) (per curiam). Contra Libby v. Marshall, 833 F.2d 402, 405 (1st Cir.1987).
 
 
 22
 Denials of motions to dismiss on grounds of immunity, including Eleventh Amendment immunity, are not appealable, however, unless the immunity defense can be decided solely as a matter of law. See Smith v. Reagan, 841 F.2d at 30-31 (Eleventh Amendment); Langley v. Coughlin, 888 F.2d 252, 254 (2d Cir.1989) (qualified official immunity); Mahoney v. Hankin, 844 F.2d 64, 68-69 (2d Cir.1988) (same); Lawson v. Abrams, 863 F.2d 260, 262 (2d Cir.1988) (absolute official immunity); White v. Frank, 855 F.2d 956, 958 (2d Cir.1988) (same); Group Health Inc. v. Blue Cross Association, 793 F.2d 491, 497 (2d Cir.1986) (same), cert. denied, 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 758 (1987). Thus, we have ruled that the Cohen doctrine does not authorize an immediate appeal where "the immunity issue turns on disputed questions of fact," White v. Frank, 855 F.2d at 958 (citing cases), or where the motion to dismiss is addressed to the complaint and the pleading itself does not reveal the degree to which the conduct complained of may fall within the scope of the immunity, Lawson v. Abrams, 863 F.2d at 262-63. Where the applicability of the immunity cannot be decided from the face of the pleadings but requires some discovery, the denial of a motion to dismiss on the immunity ground is not appealable prior to discovery. See Smith v. Reagan, 841 F.2d at 31.
 
 
 23
 The immunity conferred by the Eleventh Amendment is not all-encompassing. It generally gives a state, and state officials acting in their official capacities, protection against suits by citizens for damages for past wrongs. See, e.g., Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). It does not, however, confer protection against suits for prospective injunctive relief to remedy continuing wrongs. See id.; Milliken v. Bradley, 433 U.S. 267, 288-90, 97 S.Ct. 2749, 2761-62, 53 L.Ed.2d 745 (1977). Further, even where the relief requested will require the expenditure of state funds, if it is ancillary to such a prospective injunction it is not barred by the Eleventh Amendment. See, e.g., Quern v. Jordan, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); Hutto v. Finney, 437 U.S. 678, 690-91, 98 S.Ct. 2565, 2573, 57 L.Ed.2d 522 (1978); Milliken v. Bradley, 433 U.S. at 289, 97 S.Ct. at 2761.
 
 
 24
 In the context of unlawful school segregation, state agencies or officials whose actions have contributed to that segregation have a duty "to take the necessary steps 'to eliminate from the public schools all vestiges of state-imposed segregation.' " Milliken v. Bradley, 433 U.S. at 290, 97 S.Ct. at 2762 (quoting Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 15, 91 S.Ct. 1267, 1275, 28 L.Ed.2d 554 (1971)). "Each instance of a failure or refusal to fulfill this affirmative duty continues the violation of the Fourteenth Amendment." Columbus Board of Education v. Penick, 443 U.S. 449, 459, 99 S.Ct. 2941, 2947, 61 L.Ed.2d 666 (1979). Relief designed to remedy such failures is not barred by the Eleventh Amendment.
 
 
 25
 In addition, Congress has the power under Sec. 5 of the Fourteenth Amendment to eliminate Eleventh Amendment immunity in suits to enforce rights guaranteed by the Fourteenth Amendment. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). With respect to Title VI, which prohibits, inter alia, racial discrimination in federally assisted programs, Congress has expressly abrogated the states' Eleventh Amendment immunity for "violations that occur in whole or in part after October 21, 1986." 42 U.S.C. Sec. 2000d-7(b) (Supp. V 1987).
 
 
 26
 Read in light of this framework, and with the liberality required by Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957), the second amended complaint and the cross-claim plainly state claims that, if proven, would not be barred by the Eleventh Amendment. First, the contention of the State defendants that only past conduct is at issue is not sustainable from the face of the new pleadings, for in addition to allegations of wrongful acts that occurred at specified times in the past, there are allegations that the State defendants are engaging in continuing segregative conduct. For example, both pleadings allege State Board of Regents policies that have been designed to inhibit desegregation of schools "since 1970"; the NAACP plaintiffs allege State adoption of subsidized housing programs favoring the exacerbation of segregation "since 1975"; the Yonkers Board alleges that the State defendants have continued to encourage school segregation "[f]rom at least 1969 through the present." These allegations are sufficient to charge segregative policies and conduct that continue to the present.
 
 
 27
 Further, both pleadings allege violations of Title VI. If it can be proven that any of the alleged violations occurred at least in part after October 21, 1986, the State defendants would have no Eleventh Amendment immunity for those violations.
 
 
 28
 Finally, the new pleadings allege that the actions and inactions of the State defendants have contributed to the housing and school segregation in the City and that those defendants have failed to take corrective action to promote desegregation. Both pleadings request relief that is declaratory and injunctive. It may be that the monetary expenditures that would be required if the State defendants were eventually found liable may be deemed ancillary to the prospective nonmonetary relief.
 
 
 29
 Whether the proponents of the new pleadings will be able to support their allegations with proof, and thereby defeat the claim of Eleventh Amendment immunity, is a question that cannot be answered from the face of the pleadings. Since the immunity defense cannot be decided as a matter of law on the basis of the allegations themselves, the district court's denial of the motion to dismiss is not an appealable order.
 
 CONCLUSION
 
 30
 For the foregoing reasons, the appeal is dismissed for lack of appellate jurisdiction. The stay of discovery is dissolved. The mandate shall issue forthwith.