**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 93-2293

(Summary Calendar)
_____

THOMAS H. BARANOWSKI,

Plaintiff-Appellant,

versus

THE STATE OF TEXAS,
ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
CA H 92 2979
_____

July 16, 1993

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Thomas Baranowski,[1] proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil rights suit as frivolous. He alleged that J. Bates, a TDCJ-ID mailroom supervisor, diverted his legal mail to the Mail Systems Coordinating Panel ("MSCP") at TDCJ-ID, rather than sending it to the district court. Baranowski further alleged that MSCP held his

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] Baranowski is currently an inmate at the Texas Department of Criminal Justice))Institutional Division ("TDCJ-ID") at Huntsville, Texas.

mail for 38 days, and that such delay caused his pending petition for habeas corpus relief to be dismissed. Baranowski claimed that: (1) Bates had denied him access to the courts[2] by deliberately withholding his legal mail;[3] and (2) the named-defendants[4] had conspired to deny him access to the courts. Finding that Baranowski's conclusory allegations failed to state a constitutional violation, the district court dismissed his civil rights suit as frivolous, pursuant to 28 U.S.C. § 1915(d) (1988). Baranowski filed a timely notice of appeal.[5]

We review a dismissal of an IFP complaint under § 1915(d) for abuse of discretion. *Denton v. Hernandez,* ___ U.S. ___, 112 S. Ct. 1728, 1734, 118 L. Ed. 2d 340 (1992). An IFP complaint may be dismissed under § 1915(d) as frivolous if it lacks an arguable basis in either law or fact. *Nietzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989). A court may

---

[2] *See Bounds v. Smith,* 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (5th Cir. 1977) ("It is now established beyond doubt that prisoners have a constitutional right of [adequate, effective, and meaningful] access to the courts.").

[3] *See Richardson v. McDonnell,* 841 F.2d 120, 122 (5th Cir. 1988) (stating that a "cause of action may be stated under 42 U.S.C. § 1983 for prison officials' intentional withholding of mail destined for the courts, where it is also alleged that the intentional delay damaged the prisoner's legal position").

[4] Baranowski brought suit against the State of Texas, James Collins (Director of TDCJ-ID), MSCP, and Bates.

[5] Construing Baranowski's complaint to challenge the constitutionality of TDCJ-ID correspondence rule 3.9.1.1, the district court determined that such a challenge would fall "within the purview of the remedial decree in the class suit establishing the correspondence rules for the Texas prison." Record on Appeal at 62 (citing *Guajardo v. Estelle,* 71-H-570). The court therefore held that Baranowski's claim had to be urged through the class representative or by means of intervention in that action to avoid inconsistent adjudications, *see Gillespie v. Crawford,* 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc), and accordingly dismissed the claim without prejudice. Baranowski does not challenge this holding on appeal.

-2-

dismiss as frivolous a § 1983 action supported by only conclusory allegations. *See Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992) (decided after *Denton*); *see also Moody v. Baker,* 857 F.2d 256, 258 (5th Cir.), *cert. denied,* 488 U.S. 985, 109 S. Ct. 540, 102 L. Ed. 2d 570 (1988); *Brinkmann v. Johnston,* 793 F.2d 111, 112-13 (5th Cir. 1986).

After reviewing the record, we agree with the district court's finding that Baranowski did not state any factual basis to support his charges of denial of access to the courts, and conspiracy to commit the same. In fact, a grievance form that Baranowski attached to his complaint indicates that his mail was sent to MSCP because he failed to put his name, number, and address on the envelope, as is required by TDCJ-ID correspondence rule 3.9.1.1.[6] *See* Record on Appeal at 23. Responsibility for his own failure to utilize such access effectively cannot be placed upon Bates. *See Crowder v. Sinyard,* 884 F.2d 804, 814 (5th Cir. 1989), *limited on other grounds by Horton v. California,* 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990). Moreover, to the extent that Baranowski's complaint can be read to state separately claims against TDCJ-ID (through MSCP) and the State of Texas, we hold that such claims are legally frivolous. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or

---

[6] Baranowski does not dispute that Bates acted in accordance with such rule.

departments is named as the defendant is proscribed by the Eleventh Amendment."); *see also Loya v. Texas Dep't of Corrections,* 878 F.2d 860, 861-62 (5th Cir. 1989). We therefore hold that the district court did not abuse its discretion in dismissing the suit as frivolous.[7] Accordingly, the district court's judgment is **AFFIRMED.**

---

[7] We further need not decide Baranowski's request for appointed counsel.