United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10536
Summary Calendar

_____

OSCAR RUIZ,

Plaintiff-Appellant,

versus

JOSEPH K. PRICE; STEVEN N. RICH; CAROLYN R. CORREA; GUSTAVO D.
VAQUERA; JIMMY O. BOWMAN; CHARLES R. ELLINGBURG; G. DAVIS;
MARISCAL Q.; DARRYL E. GLENN; BRIAN RODEEN; JANE M. COCKERHAM,
Texas Department Criminal Justice-Institutional Division Office
of Ombudsman; CRAIG FLOWERS, Texas Department of Criminal
Justice-Institutional Division Office of Ombudsman;
ADMINISTRATION; GRIEVANCE DEPARTMENT; TEXAS BOARD OF CRIMINAL
JUSTICE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JANIE COCKRELL;
JOHN GILBERT; JAY LOWE; R. DUFFY; JOHN DOE; KEITH CLENDENNEN;
UNITED STATES POSTAL SERVICE; JOWERS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-00378
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Oscar Ruiz, Texas prisoner # 766772, appeals the dismissal of

his 42 U.S.C. § 1983 suit for failure to state a claim, as

frivolous, with prejudice to being asserted again until <u>Heck v.</u>

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>Humphrey</u>, 512 U.S. 477, 487 (1994), conditions are met, and for failure to exhaust administrative remedies.  Ruiz argues that the defendants violated his Eighth Amendment rights by failing to protect him from assault when rival gangs were sent to recreate together.  He also argues that he may sue the Texas Board of Criminal Justice (TBCJ) and the Texas Department of Criminal Justice (TDCJ) for making unconstitutional policies because he is not asking for money damages.  He argues that he did not suffer substantial injury only because he was able to defend himself better than other prisoners.  Ruiz argues that he was unable to exhaust many of his claims because prison policy allows a prisoner to file only one grievance per week.  Finally, he argues that the <u>Heck</u> rule should not have been applied because he did not complain that he was wrongfully disciplined.

Ruiz has not addressed his claims against Nancy Jowers, the Postal Service, Craig Flowers, Jane Cockerham, and Keith Clendennen.  He, therefore, has waived these arguments.  <u>See</u> <u>Cinel v. Connick</u>, 15 F.3d 1338, 1345 (5th Cir. 1994).

The TDCJ and the TBCJ are instrumentalities of the State and are immune from suit under the Eleventh Amendment.  <u>See</u> <u>Harris v. Angelina County, Tex.</u>, 31 F.3d 331, 337 n.7 (5th Cir. 1994); <u>see</u> <u>In re Clements</u>, 881 F.2d 145, 150 (5th Cir. 1989); <u>see also</u> <u>Loya v. Texas Dept. of Corrections</u>, 878 F.2d 860, 861-62 (5th Cir. 1989).  It is immaterial that Ruiz is not suing TDCJ and TBCJ for money

2

damages. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989).

Ruiz alleged that the unconstitutional policy was implemented by TBCJ, not by any of the other defendants. Therefore, the supervisory officials, Janie Cockrell, John Gilbert, Jay Lowe, Joseph Price, Steven Rich, Brian Rodeen, and John Doe, may be held liable only if they participated in the acts causing the constitutional deprivation. See Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996). Ruiz did not allege that these defendants were present during the prisoner altercation. Consequently, Ruiz failed to state a claim upon which relief could be granted as to these defendants. See id.

Ruiz alleged that Charles Ellingburg, R. Duffy, Jimmy Bowman, Carolyn Correa, Gustavo Vaquera, G. Davis, and Darryl Glenn were present immediately before and/or during the gang fight, that each had knowledge of the ongoing gang war, and that they either participated in placing the two gangs together or did nothing to stop the two gangs from coming together. We do not need to decide whether Ruiz's allegations state a non-frivolous claim upon which relief may be granted against Ellingburg, Duffy, Bowman, Correa, Vaquera, Davis, and Glenn because Ruiz has not shown that he is entitled to the relief that he requests. Ruiz cannot receive damages as relief against these defendants because he did not allege a more-than-de-minimus injury. See 42 U.S.C. § 1997e(e); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Moreover,

3

Ruiz has not shown entitlement to his requested injunctive relief against these defendants, i.e., their demotion.  See Haitian Refugee Ctr. v. Smith, 676 F.2d 1023, 1041 (5th Cir. Unit B 1982); see also Dayton Bd. of Educ. v. Brinkman, 433 U.S. 406, 420 (1977). The district court's judgment is AFFIRMED.