**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-20020

CECIL C. COX, Individually and as Representative of the Estate of Larry
Louis Cox; ROBERT EARL COX,

Plaintiffs - Appellees

v.

STATE OF TEXAS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-cv-02758

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The State of Texas and the Texas Department of Criminal Justice
("TDCJ") appeal from the district court's denial of their motions to dismiss,
which were based on the Eleventh Amendment and sovereign immunity. We
REVERSE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTS AND PROCEDURAL HISTORY

Appellees brought this suit, seeking both monetary and injunctive relief under 42 U.S.C. § 1983 and state law, against numerous defendants, including Texas and TDCJ. Appellees allege that Texas and TDCJ, among others, are liable for the death of Larry Louis Cox, a former inmate of TDCJ. Texas and TDCJ moved to dismiss Appellees' claims against them on the basis of the Eleventh Amendment and sovereign immunity. The district court denied their motions. This interlocutory appeal followed.[1]

## II. DISCUSSION

We have jurisdiction over this appeal because the "denial of [a] motion to dismiss . . . on the grounds of eleventh amendment immunity is a final decision appealable under 28 U.S.C § 1291." *Loya v. Tex. Dep't of Corrs.*, 878 F.2d 860, 861 (5th Cir. 1989) (citing *ENG v. Coughlin*, 858 F.2d 889, 894 (2d Cir. 1988)). "We review Eleventh Amendment immunity determinations, like other questions of subject matter jurisdiction, de novo as a question of law." *United States v. Tex. Tech. Univ.*, 171 F.3d 279, 288 (5th Cir. 1999).

Under the Eleventh Amendment, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). We have previously held that TDCJ is a state agency that enjoys immunity from suit in federal court. *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n.7 (5th Cir. 1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is

---

[1] This appeal only concerns the motions to dismiss filed by Texas and TDCJ.

immune from suit under the Eleventh Amendment."); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Appellees, citing *Ex Parte Young*, 209 U.S. 123 (1908), assert that the Eleventh Amendment does not apply to their claims because they are seeking prospective injunctive relief against Texas and TDCJ. Appellees' attempt to avoid the Eleventh Amendment on this basis is mistaken for two reasons. First, Eleventh Amendment immunity applies to all suits brought against "States and their agencies . . . regardless of the relief sought." *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 146 (citing *Cory v. White*, 457 U.S. 85, 90-91 (1982)). Second, *Ex Parte Young* only applies to suits for prospective relief against *state officials*; it "has no application in suits against . . . States and their agencies." *Id.*; *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 307 (5th Cir. 2001) ("*Ex parte Young* held that the Eleventh Amendment does not bar a suit against a state official who is alleged to be acting in violation of federal law.").

Accordingly, Appellees' state law and § 1983 claims are barred unless Texas or TDCJ has waived its immunity. *See Harris*, 31 F.3d at 338 n.7 ("State law claims against the State defendants . . . are also barred by the Eleventh Amendment." (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-103, 124-26 (1984))); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) (stating that § 1983 does not "override the traditional sovereign immunity of the States"). Neither Texas nor TDCJ has waived its immunity; therefore, Appellees' claims against them are barred by the Eleventh Amendment.

## III. CONCLUSION

For the foregoing reasons, we REVERSE the district court's orders denying the State of Texas's and Texas Department of Criminal Justice's motions to dismiss, and we REMAND to the district court to enter an order granting the motions and dismissing these defendants.